IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Samira Almeida, | ) | Civil Action No. 4:26-cv-01083-SAL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | *(Jury Trial Requested)* |
| RTG Furniture Corp. dba Rooms to Go Inc. dba Rooms to Go Store 1903, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Samira Almeida, by and through the undersigned attorneys, complaining of the above-named Defendants, would respectfully show and allege unto the Honorable Court as follows:

## NATURE OF ACTION

1. This is a 42 U.S. Code §2000e et seq., and its implementation of regulation at 34 C.F.R. Part 100, civil action asserting Civil Rights violations based on discrimination of race or color and state law claims.

## THE PARTIES

2. That the Plaintiff, Samira Almeida ("Plaintiff"), is a citizen and resident of the County of Horry, State of South Carolina and was a resident of said county at the time of the incidents described herein.

3. Upon information and belief, the Defendant RTG Furniture Corp. dba Rooms to Go Store 1903 (hereinafter "Defendants"), is a corporation incorporated in a state other than South Carolina, at all material times was and is operating and doing business in the County of Horry, State of South Carolina. Upon information and belief, Defendant is responsible for

its policies, practices, and customs as well as the hiring, training, supervising, controlling and disciplining of its employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

5. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

6. Venue lies in this District pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

7. Each and every allegation contained in the preceding paragraphs is repeated and reiterated herein as if restate verbatim.

8. On or about October 18, 2016, Plaintiff began employment with Defendants at 601 Market Court Suite A in Myrtle Beach, South Carolina.

9. During the relevant time, Plaintiff was the only Afro-Latino woman employed at Defendants location on 601 Market Court Suite A in Myrtle Beach, South Carolina.

10. During Plaintiff's employment with Defendants, racial slurs and comments were continuously made in the presence of and directed at Plaintiff.

11. On one occasion, Plaintiff had a coworker say to her, "I don't understand why you get offended by the n word."

12. Plaintiff has also endured remarks about slave owners, Aunt Jemima and inquiries into why "black people" are so upset over slavery.

13. Plaintiff endured staff members threatening to tamper with her food and drinks, vandalizing the inside and outside of her locker, placing items in Plaintiff's vehicle muffler and other threats.

14. On numerous occasions, Plaintiff reported these comments to management.

15. During the Plaintiff's eight years at Rooms to Go, Defendants created an environment which encouraged and fostered a hostile work environment for Plaintiff due to her race. Such conduct was ongoing, open, and notorious. Simply put, racial discrimination is deeply embedded in Defendant's business. It is open, active, and unashamed. The harassment, abuse and discrimination were encouraged by management's refusal to stop the misbehavior.

16. As a result of the Plaintiff's good faith complaints and opposition to race discrimination and racial harassment, the Defendants retaliated against the Plaintiff by subjecting her to termination.

17. On or about August 2, 2025, Plaintiff was terminated from Defendants store.

18. On or about October 14, 2025, a Charge of Discrimination was filed with the Equal Employment Opportunity Commission Opportunity Commission ("EEOC") alleging racial discrimination and retaliation. On December 17, 2025, a Notice of Right to Sue letter was issued by the EEOC.

**FOR A FIRST CAUSE OF ACTION**
**(Title VII Violation – Race Discrimination in Violation of 42 U.S. Code §2000e et seq. as to all Defendants)**

19. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

20. Defendants are a privately owned furniture store.

21. Defendants allowed and engaged in racial discrimination against Plaintiff.

22. Defendants allowed and/or failed to remedy the discriminatory behavior of the staff members against Plaintiff.

23. Defendants knew or should have known staff members were making discriminatory and racially derogatory remarks to and/or around Plaintiff while working at Defendants store.

24. Defendants terminated Plaintiff from the store based on retaliation from Plaintiff reporting such acts of discrimination.

25. The acts and omissions of Defendants, in allowing racially discriminatory behavior and terminating Plaintiff from the company because of her race or color, constitute a violation of Plaintiff's rights pursuant to the Civil Rights Act of 1964.

26. As a proximate, direct and foreseeable result of Defendants' violations of Plaintiffs Civil Rights, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

27. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the First Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**FOR A SECOND CAUSE OF ACTION**
**(Retaliation in Violation of Section 1981)**

28. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

29. Defendants have violated Section 1981 by subjecting Plaintiff to retaliation for her protected complaints and opposition to the discriminatory comments on the basis of race

30. and ethnicity, by, inter alia, terminating Plaintiff's employment with the Company as well as failing to stop the continued comments.

30. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which she is entitled to an award of monetary damages and other relief.

31. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

32. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of Section 1981, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

33. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Second Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**FOR A THIRD CAUSE OF ACTION**
**(Discrimination as to all Defendants)**

34. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

35. Plaintiff was discriminated against by Defendants' employees on the basis of her race.

36. Such discrimination was intentional and unlawful.

37. Defendants were aware of said discrimination and failed to protect the Plaintiff.

38. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Third Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**FOR A FOURTH CAUSE OF ACTION**
**(Retaliation as to all Defendants)**

39. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

40. Upon information and belief, Plaintiff experienced discrimination, resulting in a hostile work environment.

41. Not only did Plaintiff report these acts, but members of management were present at times.

42. Ultimately, after Plaintiff continued to report these acts, Plaintiff was terminated.

43. Upon information and belief, Defendants retaliated against Plaintiff for reporting the discriminatory acts by Defendants' employees.

44. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Fourth Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**FOR A FIFTH CAUSE OF ACTION**
**(Negligent Supervision as to all Defendants)**

45. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

46. Defendants employed multiple staff members who Defendants knew or should have known were making discriminatory and racial remarks towards Plaintiff.

47. Defendants knew or had reason to know of their ability to control their employees.

48. Defendants provided the opportunity for the employees to cause harm to Plaintiff.

49. As a proximate, direct and foreseeable result of Defendants' negligent supervision, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

50. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Fifth Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

## FOR A SIXTH CAUSE OF ACTION
**(Negligent Retention as to all Defendants)**

51. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

52. Defendants retained multiple staff members who Defendants knew or should have known were making discriminatory and racial remarks towards Plaintiff.

53. Defendants knew or had reason to know of their ability to control their employees.

54. Defendants provided the opportunity for the employees to cause harm to Plaintiff.

55. Defendants themselves caused harm to Plaintiff.

56. Defendants failed to remedy harm caused to Plaintiff by failing to properly supervise, employ and dismiss employees causing harm to Plaintiff.

57. As a proximate, direct and foreseeable result of Defendants' negligent supervision, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

58. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Sixth Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

### FOR A SEVENTH CAUSE OF ACTION
### (Negligence as to all Defendants)

59. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

60. Defendants owed Plaintiff a duty to not discriminate against employees on the basis of race.

61. Defendants breached that duty by allowing staff members to racially discriminate against Plaintiff, creating a hostile work environment and in wrongfully terminating Plaintiff from the company.

62. As a proximate, direct and foreseeable result of Defendants' negligence, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

63. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Seventh Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

### FOR A EIGHTH CAUSE OF ACTION
### (Negligence per se as to all Defendants)

64. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

65. Defendants were under a statutory duty to not discriminate against employees on the basis of race or allow those under their control to do so.

66. Defendants breached this duty when they allowed employees to continue to discriminate against and create a hostile work environment. Further, they breached their duty when wrongfully terminated Plaintiff from the company based on her race and/or for reporting the discrimination and hostile work environment.

67. As a proximate, direct and foreseeable result of Defendants' negligence per se, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

68. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Eighth Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

### FOR AN NINTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress as to all Defendants**

69. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

70. Defendants intentionally and recklessly inflicted severe emotional distress upon Plaintiff.

71. Defendants' conduct was extreme, outrageous and beyond all reasonable bounds of human decency.

72. Plaintiff was exposed to continuous discrimination and public humiliation on a daily basis among other things.

73. Defendants' conduct directly and proximately caused Plaintiff severe emotional distress and mental anguish.

74. As a proximate, direct and foreseeable result of Defendants' intentional infliction of emotional distress, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

75. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Ninth Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**FOR A TENTH CAUSE OF ACTION**
**(Negligent Infliction of Emotional Distress as to all Defendants)**

76. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

77. Defendants' conduct directly and proximately caused Plaintiff severe emotional distress.

78. Plaintiff was exposed to continuous discrimination and public humiliation on a daily basis among other things.

79. Defendants were reckless, willful, and wanton in their disregard for the Plaintiff's rights and wellbeing and caused Plaintiff severe emotional distress and mental anguish.

80. As a proximate, direct and foreseeable result of Defendants' negligent infliction of emotional distress, Plaintiff has suffered substantial harm, including but not limited to severe mental anguish.

81. Plaintiff is informed and believes she is entitled to judgment against Defendants and for certain consequential damages, actual damages as well as punitive damages and reasonable attorney fees together with costs for the Tenth Cause of Action as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**WHEREFORE**, the Plaintiff prays for a trial by jury and for the following relief:

    a. A judgment for compensatory, actual, punitive and statutory damages against Defendants in an amount to be proven at trial;

    b. For costs of suit and attorney's fees as required or authorized by applicable law, including but not necessarily limited to Fed. R. Civ. P. 54, 42 U.S.C. § 1988; and

    c. For such other and further relief as this Court deems necessary, just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED this 13 March 2026, by,

        *s/Lauren K. Anderson*
        Ralph J. Wilson, Jr., Fed ID No. 10416
        Lauren K. Anderson, Fed ID No. 13258
        Ralph Wilson Law, PC
        1421 3rd Avenue
        Conway, South Carolina 29526
        P 843-488-1013   /   F 843-488-1014
        attorney@ralphwilsonlaw.com
        *Attorneys for Plaintiff*

Conway, South Carolina